UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE A. ADAMS § <br> *Petitioner,* § <br> § <br> vs. § <br> § <br> AUTO-OWNERS INSURANCE COMPANY, § <br> MITCHELL WELDING, LLC AND § <br> JASON FONDREN § <br> *Defendants.* § | CIVIL CAUSE NO. |

## MITCHELL WELDING, LLC'S NOTICE OF REMOVAL

Defendant, Mitchell Welding, LLC (Mitchell Welding), removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on the following facts:

### BACKGROUND

1. On May 19, 2016, Mitchell Welding was served with a Summons and Petition in an action styled *Nicole A. Adams v. Auto Owners Insurance Company, Mitchell Welding, LLC and Jason Fondren,* Case No. 2016-4538, Division "M-13", filed May 5, 2016, in the Civil District Court for the Parish of Orleans, State of Louisiana (the "Action"). *See* Exhibit A.

2. In their Petition, Plaintiff brings claims arising out of a motor vehicle accident that occurred on June 2, 2016. Specifically, Plaintiff alleges that a "vehicle owned by Mitchell

1

Welding, LLC and operated by Jason Fondren, turned improperly and struck the vehicle owned and operated by Nicole A. Adams." Pet. ¶ 3. Plaintiff further alleges that the "sole and proximate cause of the above referenced accident was the negligence and fault of the defendant, Jason Fondren..." *Id.* ¶ 4. Plaintiff alleges that she "suffered severe and disabling injuries." *Id.* ¶ 5 Plaintiff seeks damages for such alleged negligence. *Id.* ¶¶ 4.

## BASIS FOR REMOVAL

3. This Action is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

4. Complete diversity of citizenship exists because:

   a. Nicole A. Adams is a resident and citizen of the state of Louisiana. *See* Pet. Opening PARA.

   b. Auto-Owners is and was incorporated under the laws of Michigan with its principal place of business in Michigan. Auto-Owners was not at the time this action was instituted against it and still is not a citizen of the State of Louisiana.

   c. Defendant Mitchell Welding, LLC is and was incorporated under the laws of Alabama with its principal place of business in Alabama. Mitchell Welding was not at the time this action was instituted against it and still is not a citizen of Louisiana. *See* Pet. ¶ 1.

   d. Defendant Jason Fondren is not a citizen of Louisiana. *See* Pet. ¶ 1.

   e. Thus, as no proper defendant is a citizen of the same state as any plaintiff, there is complete diversity between the parties.

5. Where a plaintiff makes only a conclusory statement concerning jurisdiction and the amount in controversy is indeterminate, federal courts in the Fifth Circuit query whether it is "facially apparent" from the allegations in the complaint that the claims exceed the jurisdictional amount. *Celestine v. TransWood, Inc.*, 467 Fed. Appx. 317, 319, 2012 U.S. App. LEXIS 8371, 5 (5th Cir. 2012); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)

2

(holding it was facially apparent from plaintiff's petition that the amount in controversy exceeded statutory requirements based on the tort nature of the plaintiff's claim and the types of damages sought); *see also Turpin v. Cooper Tire & Rubber Co.*, No. 6:12-cv-02007, 2012 U.S. Dist. LEXIS 144676, *9 (W.D. La. Oct. 5, 2012) (holding it was facially apparent from plaintiff's petition that the amount in controversy exceeded the statutory requirements); *Century Assets Corp. v. Solow,* 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount [for diversity purposes] when there are *no* numbers in the [complaint] at all") (emphasis in original)).

6. Here, Plaintiff alleges in her Petition that because of the negligence of the Defendants, she "suffered severe and disabling injuries." Pet. ¶ 5. Plaintiff seeks damages against Defendants in the form of "(a) past physical pain and suffering; (b) future physical pain and suffering; (c) past mental pain and suffering; (d) future mental pain and suffering; (e) past, present and future medical expenses; (f) rental expenses; (g) property damages; (h) loss of use and/or depreciation of vehicle; (i) loss of past and future earnings; (j) loss of future earning capacity; (k) permanent disability of the body; (l) past and future loss of enjoyment of life; and (m) loss of consortium." Pet. ¶ 9. Therefore, it is facially apparent that the damages for Plaintiff's claim for alleged injuries exceeds $75,000, exclusive of interest and costs. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it was facially apparent from plaintiff's allegations that the jurisdictional requirement was met based on unspecified damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Corken v. Outback Steakhouse of Fla., Inc.*, No. 05-547, 2006 U.S. Dist. LEXIS 4333, *11-12 (E.D. La. Feb. 6, 2006) (holding it was facially apparent from plaintiff's allegations that the jurisdictional

requirement was met based on damages for pain and suffering, mental anguish, loss of enjoyment of life, disability, and a variety of past and future expenses related to medical treatment).

7. Moreover, Louisiana law requires plaintiff to "explicitly declare in their state court petitions that their damages do not exceed $75,000 if they wish to establish lack of diversity jurisdiction in federal court." *Wornner v. Christian Home Health Care, Inc.*, No. 13-6416, 2014 U.S. Dist. LEXIS 4405, at *7-8 (E.D. La. Jan. 14, 2014) Plaintiff here has not included such a declaration in her Petition, which creates a "strong presumption in favor of jurisdiction." *See id.*

8. Therefore, this action is one that may be removed to this Court by Mitchell Welding pursuant to 28 U.S.C. § 1441 as all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are met.

## REMOVAL IS TIMELY

9. This Notice of Removal is timely because it is being filed within 30 days after Mitchell Welding were served with the Summons and Petition. 28 U.S.C. § 1446(b). Petitioner filed suit on May 5, 2016, and Mitchell Welding was served with the Summons and Petition on May 19, 2016. *See* Exhibit A.

## VENUE

10. The United States District Court for the Eastern District of Louisiana is the United States district and division embracing the Civil District Court for the Parish of Orleans, Louisiana, where this action was filed and is pending. *See* 28 U.S.C. § 98(b). Therefore, venue of this removed action is proper in this Court.

4

## CONSENT

11. Consent of Defendant Auto-Owners Insurance Company is not necessary because it has not been served. *Jones v. Scogin*, 929 F. Supp. 987, 988 (W.D. La. 1996) (stating in cases involving multiple defendants, only defendants properly joined and served must join in the Notice of Removal).

12. Consent of Defendant Jason Fondren is not necessary because he has not been served. *Jones v. Scogin*, 929 F. Supp. 987, 988 (W.D. La. 1996) (stating in cases involving multiple defendants, only defendants properly joined and served must join in the Notice of Removal).

## NOTICE TO THE STATE COURT

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Civil District Court for the Parish of Orleans, Louisiana, where this case was originally filed.

## STATE COURT FILINGS

14. Mitchell Welding files herewith as Exhibit B copies of all process served upon it in this Action as a part of this Notice, such being the Petition only.

WHEREFORE, Mitchell Welding, LLC respectfully requests that this Action in the Civil District Court for the Parish of Orleans, Louisiana, be removed to this Court, and that no further proceedings be had in the Louisiana state court.

Respectfully submitted,

*/s/ Cristin F. Bordelon*

---

**JERRY L. SAPORITO, T.A., #11717**
**CRISTIN F. BORDELON, #29863**
**Leake & Andersson, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Tel: 504/585-7500
Fax: 504/585-7775
E-mail: jsaporito@leakeandersson.com
cbordelon@leakeandersson.com
*Attorneys for Defendant*
*Mitchell Welding, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, by e-mail or by facsimile transmission, on **June 10, 2016**, at their last known address of record.

*/s/ Cristin F. Bordelon*

---
**CRISTIN F. BORDELON**

CP/42462/22